IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:19-CR-258 |
| v. ) | |
| ) | The Honorable T.S. Ellis, III |
| ) | |
| MARK VISCONI ) | Sentencing: January 31, 2020 |
| ) | |
| Defendant ) | |
| ) | |

**DEFENDANT'S POSITION WITH RESPECT TO SENTENCING**

Comes now the defendant, Mark Visconi, by and through undersigned counsel, pursuant to 18 U.S.C. § 3553 (a), Section 6A1.3 of the United States Sentencing Guidelines, and this Court's policy regarding guideline sentencing, and submits the following Position with Respect to Sentencing. Counsel certify that they discussed the Pre-sentence Investigation report with Mr. Visconi.

**Preliminary Considerations, Case History, and Guidelines Calculation**

Mr. Visconi has cooperated with the Government from the initial investigation in this case. He provided passwords and pins to his electronic devices and assisted authorities. He was living in Virginia as an Air Force Officer, residing with his wife and children. He was not incarcerated prior to his guilty plea. Mr. Visconi was "flagged" by the US Air Force after the initial investigation began and his career was put on hold while the Government's investigation was being completed. Mr. Visconi continued to work diligently and was a hard-working staff officer while awaiting the Government's disposition of the evidence and this case. Mr. Visconi

pleaded guilty to Count 1 on October 4, 2019, and has remained in confinement pending sentencing. Count 1 charged Mr. Visconi with one count of receipt of child pornography.

For his conviction in count one, Mr. Visconi's guideline range is 97 to 120 months. The parties have entered into a plea agreement whereby Mr. Visconi pleaded guilty. The PSR has calculated the guidelines and noted that Part E might apply. Part E allows this Court to consider the Defendant's exceptional military service when determining an appropriate sentence. The PSR does not adequately reflect Mr. Visconi's commitment to this country or accurately reflect his combat service and sacrifice.

In determining whether a variance is warranted resulting in a sentence not within guidelines, the Court must consider all the factors set forth in 18 U.S.C. § 3553(a) as a whole. *Gall v. United States*, 552 U.S. 38 (2007). Mr. Visconi respectfully submits that a sentence below the court-determined guidelines would be appropriate based on the sentencing guideline considerations set forth herein and application of Part E.

## Sentencing Considerations

The PSR accurately reflects the sentencing guideline range of 97 to 120 months that Mr. Visconi is facing in this case. However, the Sentencing Guidelines are just the starting point for calculating a potential sentence, and are not mandatory. *Booker v. United States*, 543 U.S. 220 (2005). The question for this Court is whether Mr. Visconi should be granted a departure or variance from his advisory guidelines, and if so, to what extent, considering all of the sentencing considerations the Court must consider.

**Assessment of Factors to Determine a Sufficient Sentence that is No Greater Than Necessary to Achieve the Purposes of Sentencing**

**1. The Nature and Circumstances of the Offense**

The PSR sets forth a summary of the offense. Mr. Visconi understands the nature and offensiveness of the conduct. Mr. Visconi disagrees with the assessment that he used some type of special military knowledge to access the "dark web." Mr. Visconi, as an active duty Air Force pilot was a special operations pilot, but that involved flying combat "sorties" in defense of our nation. He has extensive training in Arabic, but is not otherwise familiar with, nor does he have abilities associated with computer technology. He has the same level of technological abilities as most other Air Force officers. Mr. Visconi does recognize the need to restitution and does believe and understand that child pornography is not a 'victimless' crime. He needs rehabilitation and help to understand how to overcome this problem. He does see the acceptance of responsibility as an opportunity to rectify some of the damage that he has done. The Government and Mr. Visconi agree to an amount of restitution in an Agreed Order.

**2. The History and Characteristics of the Defendant**

Mr. Visconi is 41 years old and has spent his adult life in the US Air Force. He recently divorced in Colorado due to the guilty plea in this case. He also will be separated from the Air Force after a long and storied career and likely will not receive his retirement. He understands the gravity of his offenses and takes responsibility for them.

Mr. Visconi first became interested in serving his nation as a military officer in high school. Mr. Visconi was inspired by a high school counselor that was a retired marine. The counselor inspired him to want to go to a US service academy. He then worked hard to achieve academic and athletic success to be nominated to a US service academy.

Mr. Visconi spent four years in Colorado Springs and is a graduate of the US Air Force Academy. He was highly successful in his academics while there. At the time, very few Academy graduates were offered training as pilots. His academic success allowed him to be trained as a C-130 pilot. He attended training in Texas on that airframe and became one of three distinguished graduates. He chose the C-130 because it helped with his long-term goal of being involved with the Special Operations community located in Florida.

His first operational assignment was in Germany, where he flew combat "sorties" in the Eastern Europe conflict throughout the Balkans, including Sarajevo. He worked long hours and was recognized for his dedication by his chain of command. At the same time, he was getting married to his future wife, who was also an Air Force officer, and helping her to relocate to Germany. His deployed flights included U.N. and humanitarian missions. He was recognized for approximately fifty combat missions.

His early career allowed opportunities to learn to speak Arabic and he spent a year at the Defense Language Institute in Monterey, California. This training opened up opportunities for him to transition to Special Operations, as a pilot flying C-130 aircraft. Mr. Visconi loved this high operational tempo environment. His love of work and his dedication to country allowed him to maintain long hours and to dedicate himself to his service. In his own words, he describes the mission as "There was there was nothing like it. I got to fly, you know, the most incredible machine with some of the most incredible guys around the world. It was national level missions with national level users and customers, obviously people from that world."

He spent many years as a special operations pilot. While in special operations he flew more combat missions. He flew in Colombia. He was involved in various types of missions, ranging from humanitarian aid, combat and narco drug interdiction missions. Within the special

operations community, he made a name for himself. He notes, "I had critical advancements and was recognized as critical crew commander, aircraft commander, and a crew commander."

Mr. Visconi has been awarded some of the highest awards this nation can bestow on a military officer. His is a combat veteran, including Operations PROVIDE PROMISE, JOINT ENDEAVOR, and JOINT GUARD in the former Yugoslavia (1995-1997); Operations IRAQI FREEDOM and NEW DAWN (2005, 2010-2011). He is a decorated veteran and has received 57 total awards, decorations, ribbons, and devices. He has attached a list of significant schooling and breakdown of individual awards.

These awards and commendations reflect favorably on Mr. Visconi's history and characteristics, and place into context the events that led him to make the bad decisions leading to his conviction in this case.

The Government has focused on the idea that Mr. Visconi was hiding his criminal behavior and was in a position of trust. Mr. Visconi was a victim of child abuse at a young age and he has struggled to balance his service to his country with addictive behaviors. He understands the need for rehabilitation and accepts responsibility for his actions.

**3. The Need for the Sentence Imposed to Address Retribution, Rehabilitation, Deterrence, and Incapacitation**

In addition to those factors found in 18 U.S.C. § 3553(a)(1), 18 U.S.C. § 3553(a)(2) factors must be considered by the Court, which include fashioning a sentence that reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords deterrence, protects the public from further crimes by the defendant, and provides rehabilitation. The need to protect the public from further crimes of a defendant can be met through extensive counseling and treatment and an extensive period of supervised release in lieu of a longer term of imprisonment. *United States v. Grossman*, 513 F.3d 592, 597 (6th Cir. 2008).

The primary question the Court must answer is whether a sentence below the sentencing guideline minimum would still be sufficient but not greater than necessary to achieve the goals of sentencing. In context of the sentencing factors the Court must consider, a sentence below the guidelines would not be unreasonable for the Court to impose and would still deter others from similar behavior and promote respect for the law. Also, a variance below the minimum guideline range would not result in Mr. Visconi being at a greater risk of reoffending and harming others in the future. A sentence below the guideline minimum would still allow Mr. Visconi the opportunity to continue his rehabilitative efforts while incarcerated, and treatment during supervised release would ensure he has the tools to deal with his addiction issues.

### Part E. Considerations

Pursuant to USSG § 5H1.11, military service may be relevant in determining whether a departure is warranted, if the military service, individually or in combination with other offender characteristics, is present to an unusual degree and distinguishes the case from the typical cases covered by the guidelines. This factor applies in this case. Mr. Visconi has had the type of military career and service that few military offenders have had. Mr. Visconi does not believe his military service is an excuse for his behavior but it does demonstrate that he is the type of individual that can integrate back into society as a useful and productive member. His love of country, his desire to redeem his name, and his respect and desire for rehabilitation is all reflected in the outstanding service, both combat and humanitarian that he has given to this nation. This should be considered and taken into account when determining if a downward variance is warranted.

## CONCLUSION

For the foregoing reasons, Mr. Visconi respectfully requests that the Court find that a variance below the guidelines is warranted based on a consideration by the Court of all the sentencing factors set forth in 18 U.S.C. § 3553(a). Mr. Visconi submits that a sixty-month period of confinement reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords deterrence, protects the public from further crimes by the defendant provides rehabilitation, and avoids sentence disparities with other defendants.

Respectfully submitted,

By: /s/
KENNETH JAMES PHILLIPS
Tennessee BPR #024167
Attorney for Defendant
2078 Dover Ridge Court
Henderson NV 89074
jphillipslaw22@gmail.com

By: /s/
SEAN A. MARVIN
Virginia State Bar No. 77035
Attorney for the Defendant
950 N. Washington St.
Alexandria, VA 22314
Phone: 571-419-4657
sean@seanmarvinlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of January, 2020, I electronically filed the foregoing motion with the clerk of the court using the CM/ECF system, which will send an electronic copy to the following:

Gwendelynn Bills
Assistant U.S. Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: (703) 299-3700

7

Whitney Russell
Assistant U.S. Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: (703) 299-3700

By: /s/
SEAN A. MARVIN
Virginia State Bar No. 77035
Attorney for the Defendant
950 N. Washington St.
Alexandria, VA 22314
Phone: 571-419-4657
sean@seanmarvinlaw.com

8